UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HBA&MFL NY LLC,

*Plaintiff,*

-against-

TATIANA A/K/A RACHELI GOLDSTEIN, CHAIM A/K/A ISAAK GOLDSTEIN, AND RIGHTEOUS DISTRIBUTION LLC,

*Defendants.*

---

Case No.: 7:24-cv-01568-NSR

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

JUDITH C. McCARTHY, Magistrate Judge:

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that any person subject to this Order— including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.,* information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material (the "Producing Person") may designate as Confidential any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Person, seriously harm the Producing Person's

business, commercial, financial, or personal interests or cause the Producing Person to violate that person's privacy or confidentiality obligations to others. Where the confidential portion is reasonably separate from the other non-confidential portion, via redaction or otherwise, only the confidential portions shall be so designated.

3.    A non-party Producing Person may designate any Confidential Discovery Material as "Attorneys' Eyes Only" if the material contains extremely sensitive trade secrets or commercial information, such as pricing, product development, profits, the identities of a party's customers and suppliers, and future marketing strategies, that if disclosed to persons other than the attorneys for the person receiving such material would likely result in serious competitive or other harm that could not be avoided by less restrictive means.

4.    The party that has received any Confidential or Attorneys' Eyes Only Discovery Material (the "Receiving Party") may notify the Producing Person in writing within fourteen (14) days that the Receiving Party does not concur in the designation of Discovery Material as Confidential or Attorneys' Eyes Only. The Producing Person and the Receiving Party shall first meet and confer in good faith to attempt to agree to reclassify or declassify such Discovery Material within fourteen (14) days of the written request. In the absence of a resolution, the Receiving Party may seek resolution by the Court. Notwithstanding anything herein to the contrary, the Producing Person bears the burden of establishing the propriety of its designation of Discovery Material as Confidential or Attorneys' Eyes Only.

5.    With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said

Discovery Material with the Confidential or Attorneys' Eyes Only information redacted. All depositions shall presumptively be treated as Confidential and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately.

6.     If at any time prior to the trial of this action, a Producing Person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, such Producing Person may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

7.     Discovery Material designated as Confidential shall not be disclosed to any person, except:

    a.  The parties to this action;

    b.  Counsel of record for the respective parties to this litigation, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.  As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.  Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.  Any person retained by a party to serve as an expert witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.  Stenographers and videographers engaged to transcribe depositions conducted in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    g.  The Court and its support personnel.

8.    Documents designated as Attorneys' Eyes Only shall not be disclosed to any person, except:

    a.  Counsel of record for the respective parties to this litigation, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b.  Any person retained by a party to serve as an expert witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    c.  The Court and its support personnel.

9.    In the event a party wishes to file any Confidential or Attorneys' Eyes Only Discovery Material with the Court, or disclose, reference, summarize, or quote any Confidential or Attorneys' Eyes Only Discovery Material in any pleadings, motions or other papers filed with the Court, such party shall comply with the individual rules of the District Court Judge, Magistrate Judge McCarthy's Individual Practices, and the Court's ECF Rules & Instructions and seek to file such documents under seal with the Clerk of the Court.

10.    Each person who has access to Confidential or Attorneys' Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently

Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party, within five (5) business days, shall return or destroy all copies of the Inadvertently Disclosed Information, and notify the disclosing party's counsel that all such information has been returned or destroyed.

13.    Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.    The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

16.    This order shall survive the termination of this litigation.  Within sixty (60) days of the final disposition of this action—including all appeals—all Discovery Material designated as Confidential or Attorneys' Eyes Only and all copies thereof, shall be promptly returned to the Producing Person, or destroyed and the Receiving Party shall promptly certify such destruction to the Producing Person.  Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all Discovery Material as part of their records, provided that such counsel shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:


Glen Lenihan, Esq.
Jennifer R. Pierce, Esq.
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, NY 10013
Tel: 212.226.2700


Robert Ottinger, Esq.
William Denis, Esq.
Erin Conn, Esq.
THE OTTINGER FIRM, P.C.
*Attorneys for Defendants*
535 Mission St., 14th Floor
San Francisco, CA 94105
Tel: 415.508.7786


SO ORDERED:


JUDITH C. McCARTHY
United States Magistrate Judge

Dated: New York, New York
       June ___9th___, 2024
       July

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HBA&MFL NY LLC,

*Plaintiff,*

-against-

TATIANA A/K/A RACHELI GOLDSTEIN, CHAIM A/K/A ISAAK GOLDSTEIN, AND RIGHTEOUS DISTRIBUTION LLC,

*Defendants.*

Case No.: 7:24-cv-01568-NSR

**NON-DISCLOSURE AGREEMENT**

I, _____ [print name], acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Stipulation and Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____
[Signature]

*Page 7*