# OVED & OVED
### ATTORNEYS

August 29, 2024

**SO ORDERED:**

Defendants are directed to respond to this letter by September 6, 2024.

_____ 8-30-2024
JUDITH C. McCARTHY
United States Magistrate Judge

**VIA ECF**
Magistrate Judge Hon. Judith C. McCarthy
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 421
White Plains, NY 10601

Re: *HBA&MFL NY LLC v. Goldstein et al.*,
S.D.N.Y. Civil Action No. 7:24-cv-01568-NSR-JCM

Dear Judge McCarthy,

This firm represents Plaintiff in the above referenced matter and we are unfortunately constrained to write regarding Defendants Tatiana a/k/a Racheli Goldstein ("Tatiana"), Chaim a/k/a Isaak Goldstein ("Isaak") (collectively, the "Goldsteins"), and Righteous Distribution LLC's ("Righteous Distribution") continuing failure to fully produce documents that should have been provided to Plaintiff months ago. Accordingly, we respectfully request that the Court order (i) Defendants to supplement their interrogatory responses, fully produce responsive documents, and provide a certification that no additional documents exist, by September 13, 2024 and (ii) to allow Plaintiffs time to review additional documents and adequately prepare for depositions without the need to call back witnesses, that the deposition deadline be extended to October 25, 2024, in light of the upcoming Jewish holidays.

Defendants' continuing failure to produce undisputedly relevant and responsive documents has already led the Court to repeatedly extend the parties' deadline to fully produce documents, with the latest deadline set for July 19, 2024. *See* Dkt. 15, 32, Minute Entry dated July 8, 2024. Yet Defendants have still failed to fully respond to Plaintiff's first set of interrogatories dated April 1, 2024 (the "Interrogatories") or first request for the production of documents dated April 1, 2024 (the "Requests"), including failing to produce attachments to WhatsApp chats that indisputably exist, WhatsApp messages with customers and suppliers that indisputably exist, and Righteous Distribution's accounting records, which Defendants have not denied exist. Copies of Defendants' responses to the Interrogatories and Requests are attached hereto as **Exhibits A** and **B**. Each of the foregoing is relevant to Plaintiff's claims that the Goldsteins misappropriated Plaintiff's confidential information and violated their non-solicit and non-compete agreements through Righteous Distribution, which the Goldsteins formed and operated while still employed by Plaintiff and have continued to do so since their employment ended. Defendants' intentional failures are hindering Plaintiff's prosecution of this action, including Plaintiff's ability to comprehensively take Defendants' depositions by the present September 13, 2024 deadline. *See* Dkt. Minute Entry dated July 8, 2024.

We have met and conferred with Defendants' counsel several times about the glaring deficiencies in their responses to the Interrogatories and document production (the "Production"), which includes only excerpts of WhatsApp chats, bank statements, and email chains, including a telephonic meet and confer on August 20, 2024. *See* **Exhibits C** (May 3, 2024 letter), **D** (May 28, 2024 letter), and **E** (August 9, 2024 letter). Despite Defendants' agreement to produce additional

Hon. Judith C. McCarthy
August 29, 2024
Page 2

documents, they have failed to do so. Indeed, Defendants have refused to even respond to Plaintiff since then. *See* **Exhibit F** (this firm's August 26 follow-up email to the parties' conference).

### A. Defendants' Responses to Plaintiff's Interrogatories[1] Are Deficient

The Interrogatories served by Plaintiff are narrowly tailored to request information relevant to this action, namely, the identity of (i) persons with knowledge of the allegations in Plaintiff's Complaint (*see* Interrogatories 1-3, Goldsteins Interrogatories 4-9 and 12, and RD Interrogatories 4-6 and 8-9); (ii) non-parties who may have documents responsive to the Requests (*see* Goldsteins Interrogatory 16/RD Interrogatory 13); and (iii) documents that Defendants took from Plaintiff and/or used for the benefit of Righteous Distribution (Goldsteins Interrogatory 10/RD Interrogatory 7 and Goldsteins Interrogatory 11). *See* Ex. C pp. 2-5, Ex. D p. 3.

In their supplemental responses, however, Defendants identify only Plaintiff, Defendants, and/or Joe Coffey (a supplier to Plaintiff that Defendants unlawfully solicited and are working with to improperly compete against Plaintiff), or brazenly state "None." These responses are plainly deficient because they do not identify (i) Plaintiff's supplier, AC Beauty Corp., which Defendants have ***admittedly*** attempted to solicit after the Goldsteins' separation from Plaintiff (*see* Dkt. 44, 35); (ii) the customers of Plaintiff to whom Defendants sent invoices on behalf of Righteous Distribution (*see* Complaint ¶ 44), who would also have knowledge about the allegations in the Complaint and the Goldsteins' separation from Plaintiff; or (iii) any of Righteous Distribution's employees (such as the unidentified employee that contacted AC Beauty Corp., *see* Dkt. 11), suppliers, customers, or other contacts. As set forth in Plaintiff's letter dated August 9, 2023, Defendants agreed to (1) supplement their responses to the Interrogatories by June 21, 2024, and (2) provide a statement detailing how they conducted their searches for responsive documents in those supplemental responses. *See* Ex. E p. 1. However, to date, Defendants have failed to do so. Accordingly, Defendants should be ordered to supplement their responses to the Interrogatories by September 13, 2024.

### B. Defendants' Document Production is Incomplete

Defendants failed to fully produce the following documents, which are undisputedly relevant to Plaintiff's allegations and necessary to prove its claims, but inexplicably absent from Defendants' Production:

- Documents concerning Righteous Distribution's finances and accounting records, including loans, the identity of investors and the terms of the investments, Quickbooks, and other electronic accounting files, such as Righteous Distribution's profit and loss statements, balance sheets, and cash flow statements. Ex. D p. 5, Ex. E p. 3. Righteous Distribution's accounting records are necessary to fully understand its transactions, customers, suppliers, and all persons with knowledge of its business.

---

[1] The majority of the Interrogatories to Defendants are identical. To the extent an Interrogatory seeks information from only the Goldsteins, it is referred to as the "Goldsteins Interrogatory." To the extent an Interrogatory seeks information from only Righteous Distribution, it will be referred to as the "RD Interrogatory."

Hon. Judith C. McCarthy
August 29, 2024
Page 3

- A single full WhatsApp chat. Instead, Defendants have produced incomplete excerpts of Isaak's WhatsApp chats. Ex. D p. 6; Ex. E p. 3. Indeed, Defendants agreed, but failed, to produce their full WhatsApp communications and any attachments for the following persons who appear in Plaintiff's documents produced to Defendants: Bruce Goldstein, an individual identified in Isaak's WhatsApp chat as Morris Sperber and/or Morris Spencer, an individual with the number 917-864-3369, Narges Mohamdi, an individual identified in Isaak Goldstein's WhatsApp chat as "Goldy posh", Moshe Breuer, Faigy Dirnfeld, and David Nguyen. Ex. E pp. 2-3.

- Communications between Tatiana and third parties. Ex. E p. 3.

- Righteous Distribution's full bank statements and account opening statements, as well as the invoices, and communications concerning those invoices, identified in the bank statements that were produced. Ex. D pp. 4-5, Ex. E p. 3.

- Communications concerning Defendants' agreements concerning the purchase and sale of health or beauty products (*i.e.*, Plaintiff's business). Ex. D p. 6, Ex. E p. 3.

- Documents about Righteous Distribution's website. Ex. D p. 4, Ex. E p. 3.

- Documents about IR&G LLC. IR&G LLC appears to be owned by the Goldsteins and is identified in Righteous Distribution's bank statements as having received funds from and paid funds to Righteous Distribution. Ex. D pp. 4-6, Ex. E p. 3. Accordingly, information about this entity is responsive to the Requests seeking documents about payments from Righteous Distribution to Tatiana or Isaak (Request No 30); bank statements in which funds were received from or paid to Tatiana or Isaak concerning payments arising from the sale or distribution of health and beauty products (Request No 35-36); and documents about the operation of any health and beauty product-related company other than Righteous Distribution (Request No 43).

- Communications between Isaak and Tatiana, or a privilege log. Ex. E p. 3.[2]

As set forth in Plaintiff's letters dated May 28 and August 9, 2024, Defendants agreed to produce the foregoing documents, but have deliberately failed to do so to create delay and hinder Plaintiff's ability to prove its case. Their blatant gamesmanship must be stopped.

We thank the Court for its time and attention to this issue.

                          Respectfully submitted,

                          /s/ Glen Lenihan
                          Glen Lenihan

cc: All counsel of record (via ECF)

---

[2] Further, many of the emails in the Production do not include their attachments, and the incomplete WhatsApp chats do not include a single attachment, despite being referenced in those chats. Ex. D p. 6; Ex. E p. 3.