USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HBA&MFL NY LLC,

                Plaintiff,

  -against-

TATIANA A/K/A RACHELI GOLDSTEIN, CHAIM A/K/A ISAAK GOLDSTEIN, AND RIGHTEOUS DISTRIBUTION LLC,

                Defendants.

No. 24-CV-1568 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, HBA&MFL NY LLC ("Plaintiff"), brings this motion to strike and to hold Defendants in contempt because Defendants, Tatiana (a/k/a Racheli Goldstein), Chaim (a/k/a Isaak) Goldstein, and Righteous Distribution LLC (collectively, the "Defendants"), have allegedly failed to abide by a temporary restraining order ("TRO") issued by Judge David Fried of the Supreme Court of the State of New York. For the following reasons, Plaintiff's Motion is DENIED.

**PROCEDURAL HISTORY**

    On February 29, 2024, Plaintiff filed a notice of removal from the Supreme Court of the State of New York. (ECF No. 1.) On March 6, 2024, Defendants filed an Answer. (ECF No. 6.) On June 14, 2024, Plaintiff filed a motion to strike Defendant's Answer and to hold Defendants in contempt (the "Motion"). (ECF No. 40) On June 11, 2024, Defendants filed a Memorandum of Law in Opposition ("MoL. Opp."). (ECF No. 34) On June 11, 2024, Plaintiff filed a Reply in response to Defendants' MoL. Opp. (ECF No. 35) On June 14, 2024, Plaintiff filed a Memorandum of Law ("MoL.") in support of the Motion. (ECF No. 44)

1

**FACTUAL BACKGROUND**

Plaintiff is a wholesaler of health and beauty products who previously employed Defendants Tatiana and Isaak. Crucial to Plaintiff's business are its relationships and pricing information. As such, their confidentiality is of the utmost importance to Plaintiff. For protection, Plaintiff requires its employees to sign restrictive covenants related to their employment. As alleged, the restrictive covenants made clear that Plaintiff's employees would be privy to confidential information that was extremely sensitive to Plaintiff's business enterprise and that employees could not disclose any confidential information. Further, employees agreed that, at the end of their employment, they would return any confidential information back to Plaintiff. Employees also agreed not to solicit or service any of Plaintiff's suppliers or customers or to otherwise compete with Plaintiff.

In June 2020, Plaintiff hired Tatiana to work in its purchasing department. In September 2021, Plaintiff hired Tatiana's husband, Isaak, for a retailer-customer facing sales position. Both Tatiana and Isaak signed restrictive covenants related to their work with Plaintiff. In short, Plaintiff claims that Tatiana and Isaak violated the restrictive covenants that they had signed by creating a new business venture while in Plaintiff's employ that competed with Plaintiff's business. Plaintiff further alleges that Tatiana and Isaak began to use Plaintiff's resources to compete against it.

On January 25, 2024, Judge Fried of the Supreme Court of the State of New York issued a temporary restraining order ("TRO") enjoining Defendants from: (1) using or disclosing Plaintiff's confidential information, (2) improperly competing against Plaintiff, (3) soliciting Plaintiff's suppliers or customers; and (4) directed the Goldsteins to immediately turn over to Plaintiff all documents and communications that contain Plaintiff's confidential information.

After the TRO was entered, Defendants removed this action to federal court where it now sits. Plaintiff claims that Defendants then violated the TRO by failing to return documents containing confidential information to Plaintiff and continuing to solicit Plaintiff's suppliers.

## DISCUSSION

"A contempt order is a severe sanction." *Goat Fashion Ltd. v. 1661, Inc.*, No. 19 CIV. 11045 (PAE), 2020 WL 5992343, at *1 (S.D.N.Y. Oct. 9, 2020) (citing *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001)). As a "potent weapon," courts should not resort to using it "where there is a fair ground of doubts." *Perez v. Danbury Hosp.*, 347 F.3d 419, 425 (2d Cir. 2003) (citation omitted). Such an order is warranted only when the movant establishes by clear and convincing evidence that the nonmovant has violated a court's order. *See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir.1965). A movant must establish that (1) the order the nonmovant failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the nonmovant has not diligently attempted to comply in a reasonable manner. *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Here, though not stylized as a motion to strike, that is the relief that Plaintiff requests. "The Court should hold Defendants in contempt and, as an appropriate sanction, strike their sham Answer." (MoL. at 5.) Motions to strike are left in the district court's discretion but are generally disfavored and granted only if there is a strong reason to do so. *See Abdou v. Walker*, No. 19 CIV. 1824 (PAE), 2022 WL 3334700, at *2 (S.D.N.Y. Aug. 12, 2022) (citation omitted). The reason for the disfavor is the strong policy preference of resolving cases on the merits. *Id* at 4. Even the case that Plaintiff cites in support of granting this relief expressed a level of reluctance over such a measure. In *S.E.C. v. Mattera*, the court noted "the striking of a

3

defendant's pleading is a drastic measure and runs counter to the strong policy in favor of giving every party his day in court." No. 11 CIV. 8323 PKC, 2013 WL 6485949 at *2 (S.D.N.Y. Dec. 9, 2013). There, it was only after repeated delays, warnings from the court, and a failure to comply with another contempt order for monetary sanctions that the court granted the motion to strike the defendant's answer. So too in *1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 809 F. App'x 44 (2d Cir. 2020), which Plaintiff also cites in support. There, the Circuit noted the district court's "considerable patience" after imposing "a series of escalating sanctions designed to compel compliance." *Id* at 46. Here, there has not been the same level of disobedience from Defendants or escalation of sanctions by the Court that have otherwise been proven ineffective. To put plainly, the relief that Plaintiff seeks is too severe at this stage for the Court to properly consider. There have not been repeated violations, warnings, or other sanctions imposed before resulting to the extreme measure of striking the Defendant's Answer. This relief is particularly difficult to grant due to the strong public policy preference of resolving cases on the merits. Accordingly, Plaintiff's motion to strike and to hold Defendants in contempt cannot be granted.

## CONCLUSION

Plaintiff's motion to strike and to hold Defendants in contempt is DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 40.

Dated: January 14, 2025                                      SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge